### Succession of J. A. Penney—Foster and Wife, v. S. Bloom.

The beneficiary heir is entitled to the administration of a succession, in preference to a creditor,
though the former be not a resident of the State.
It suffices that the heir be actually present, when the application for the administration is made.   C.
C. 1035, 1037, 1038.

APPEAL from the Seventh District Court of East Feliciana, *Merrick,* J.
*Sawyer,* for *Foster* and *wife,* appellants.   *Muse & Hardee,* for *S. Bloom·*

BUCHANAN, J.   This is a contest for the administration of a succession opened
in the parish of East Feliciana, between a beneficiary heir and a creditor.

Mrs. *Foster,* a married woman, who claims the administration conjointly with
her husband, as daughter and beneficiary heir of the deceased, resides in the
State of Mississippi.   But we do not find in this fact, any legal ground of pre-
ference for the other party, *Bloom,* who is a member of a commercial firm, hav-
ing its place of business in Clinton, which firm is a large creditor of the deceased.
The Article 1035, of the Civil Code, expressly declares, that in the choice of an
administrator, the preference shall be given to the beneficiary heir over every
other person, if he be of age, and present in the State.   This article does not
require a residence in the State, but simply the presence of the party in the State.
We infer her presence in the State, from the fact of her presentation of a peti-

tion in her own name, and her offer to qualify personally, as well as from a statement made by the Judge in his reasons for refusing a new trial, to the effect that Mr. *Foster*, her husband, and who joins in her application, was present in court at the trial. The case of the succession of *Williamson*, 3 An. 262, offers many points of resemblance to the present

As to the right of a female heir to administer, see also the case of *Block*, 6th An. 811. The substantive heir, is of both grades. Besides, the heir in this case acts conjointly with her husband, as in the case of *Williamson*. The Articles 1037 and 1038 of the Code, are corroborative of the intention of the Legislator to give the administration to the heir, whenever that is possible, by extending the right even to persons who represent the heir in the capacity of tutors, curators, or attorneys in fact. Now by the Act of 1843, chap. 145, p, 97, tutors of minors residing and qualified in other States of the Union, are expressly authorized to exercise their functions of tutor, in this State, without being obliged even to qualify here. In like manner, the right of executors residing out of this State to administer here, is conceded by the act of 1842, p. 302. And it would be truly anomalous, if while the beneficiary heir who has his residence abroad, might legally claim the administration through an attorney in fact, as he undoubtedly may by Article 1035, yet he could not claim the same in proper person, in a petition presented by him for that purpose. We think the administration should have been given to the beneficiary heir and her husband.

Judgment reversed; and it is adjudged and decreed that *Ann L. Penney* and *James A. J. Foster*, her husband, be appointed administrators of the estate of *Sarah Ann Penney*, on complying with the legal formalities: and that the costs of the lower court be paid by the estate of said *Sarah Ann Penney*; and those of appeal by the appellee *Solomon Bloom*.