JOHN F. EHLEN, Trustee *vs.* BLANCHE EHLEN, by her next friend, BLANCHE EHLEN. WILLIAR McK. EHLEN, and others *vs.* SAME.

### *Trust—Trustee—Beneficiary—Equity practice.*

A testator directed that a division should be made of certain of his estate, and that his executors should pay a portion thereof to his son, J. F. E. in trust, for such child or children as he might have either at the time the division was made, or thereafter, share and share alike. The division of the estate was made under the authority of a decree in equity. The share allotted to J. F. E. as trustee for his children, consisted of bonds, stocks and money of

Ehlen *vs.* Ehlen.

considerable value. The trustee managed the property as his own; invested it in his business, and in this way, lost some of it. He changed the investments from time to time as he saw fit; and in consequence of those changes, the trust property diminished very much in value. It would seem the children approved their father's dealings with the property. One of the sons of the trustee died, leaving a widow and an infant daughter. On the petition of the infant, the Court passed an order directing the trustee to bring into Court the securities and money which had been allotted to him, or their value; and on his failure to obey the order, removed him from the trust, and appointed another in his place. On appeal, it was HELD:

1st. That on the death of the son of the trustee, his infant daughter became beneficially interested in the trust property as his principal distributee, and had a right to the aid of the Court in protecting the same.

2nd. That the Court acted providently in requiring the trust fund to be brought into Court, and upon the failure of the trustee to obey the order, it was right to remove him.

The trustee's petition to be allowed to give bond to secure to any after born children the interest which they might have in the fund, was properly rejected. The Court's duty was to lay its hands on the fund itself, and to take control of it.

APPEALS from the Circuit Court of Baltimore City.

John H. Ehlen of the City of Baltimore executed his last will and testament and a codicil thereto, which, after his death, in the year 1864, were duly admitted to probate. After making provision for his wife out of the rents, issues and profits of his property, real and personal, he directed that the remainder of them should be divided into eight parts; that his executors should pay one of these parts to John F. Ehlen, his son, in trust for the support and maintenance of such children as he might then or thereafter have; and that after the death of his wife, his executors should divide his whole estate, so that each of his surviving children should receive an equal share, and that the child or children of any child who might then be dead should receive the share which his or their

parent would have been entitled to receive if he or she had been alive at the time of the division. He gave one of these shares to his son, John F. Ehlen, in trust for such child or children as he might have either at the time of making the division, or thereafter, share and share alike. After the death of the testator's wife, in pursuance of a decree of the Circuit Court of Baltimore City, passed 8th of March, 1878, the estate was divided. The number of distributive shares was eight. John F. Ehlen received as trustee for his children stocks and bonds amounting in value to $15,700.23, and $969.93 in money. He had five children.

John H. Ehlen, a son of the trustee, died in November, 1883, leaving a widow and an infant daughter. In December, 1883, the petition in this cause was filed. The trustee answered this petition and averred that he was entitled to all the income derived from the trust estate during his life, to be applied by him, as he saw fit, for his own use and benefit, or the support and maintenance of his children; and alleged that his claim to receive and enjoy the income of the trust estate during his life-time was fully acquiesced in and sanctioned by all his children, including his deceased son, and that they, together with the husband of a married daughter, had signed and sealed in January, 1872, the agreement mentioned in the opinion of the Court. On the 12th day of February, 1884, the Circuit Court passed an order requiring the trustee to file an account of the investments under the trust, and an account of the income arising therefrom; and further ordered, adjudged and decreed that the petitioner was entitled to one-fifth of the income arising from the trust from the time of the death of her father, during the life of the trustee, or until he should have other children; but the order stated that the rights of the wife of the trustee, under the agreement filed with the answer, were expressly reserved, there being no intention to determine the rights

of the petitioner, or of other parties, except that the petitioner was at least entitled to the income during the life of John F. Ehlen, the trustee. From this order no appeal was prayed. The trustee filed a statement shewing that the *corpus* of the estate had been frequently changed, and that no separate account had been kept of any investments of it, and that it had been merged in his general business operations, and that losses of a portion of it had been sustained, and he filed a statement of the condition of the trust estate, shewing how it was invested. The petitioner then filed another petition, stating that the trustee was not, by the will of the testator, allowed a discretion in making investments, and that he had never applied to the Court for an order to change the securities received by him as trustee, and that the investments reported were of little or no value, and that he did not show how or when the investments were made, and charging that there had been a conversion of the trust estate by the trustee, and praying that he should be dismissed from the trust. The Court passed an order requiring him to shew cause why the prayer of the petition should not be granted. He filed an answer to the petition, stating that all of the changes of investment had been made with the full knowledge and consent of each and all of his children, including his deceased son, the father of the petitioner, and that all of his surviving children, whose combined interests represented four-fifths of the trust estate, were anxious to have him retained as trustee.

On the 31st of March, the surviving children of the trustee filed a petition, stating that their combined interest in the trust estate amounted to four-fifths of it; and that the trustee in all matters connected with the use, management and control of the trust estate, and the changes in the investment of it, and the investment and re-investment of the proceeds, had their full approval, authority and sanction, and also of John H. Ehlen, deceased,

and also that it was of vital importance to their interests that the trustee should not be dismissed from his office, and stating that they had the fullest confidence in his integrity and capacity, and praying that they might be made parties to the proceedings.   The Court, after notice to the petitioners' solicitor, passed an order making them parties defendant.   On the 21st April, 1884, the Court passed an order that John F. Ehlen be removed from the trust, unless he should bring into Court on or before the thirtieth day of April the securities or their value, and the cash awarded to him by the decree of the 8th of March, 1878.   John F. Ehlen on the same day filed a petition, stating that he had five children, and that the youngest child was over thirty years of age, and that he was in his sixty-fourth year, and his wife was in her sixtieth year, and offering to give bond in such penalty and with such sureties as the Court might direct, to secure such child or children as he might thereafter have, all their right, title and interest to the property devised or bequeathed to him in trust by the last will and testament of his father, and praying, that on the filing of such bond, the petition of Blanche Ehlen for his removal from the trust should be dismissed.   On the same day (April 21st) the Court dismissed this petition.   And the trustee having failed to comply with the order of April 21st relative to the. trust property, the Court, on the first day of May, 1884, appointed William L. Marbury trustee in his stead.

John F. Ehlen appealed from the orders of April 21st and May 1st, removing him and appointing William L. Marbury, trustee in his place.   And his sons and daughter who filed the petition of the 31st of March, also appealed from the same orders.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, and BRYAN, J.

*S. Teackle Wallis,* for the appellants.

*William L. Marbury,* and *A. H. Robertson,* for the appellee.

BRYAN, J., after stating the case, delivered the opinion of the Court.

John H. Ehlen directed by his last will and testament, that at the death of his wife all his property should be divided into eight equal parts, and he gave one of these parts to his son, John F. Ehlen, in trust for such child or children as he might have either at the time the division was made, or thereafter, share and share alike. The division of the estate was made under the authority of a decree of the Circuit Court of Baltimore City, passed in March, 1878. The share allotted to John F. Ehlen, as trustee for his children, consisted of bonds, stocks and money amounting in value to more than sixteen thousand dollars. The trustee seems to have thought that he was entitled to the income of the trust estate during his life, to be applied, as he saw fit, for his own use and benefit, or the support and maintenance of his children. He managed the property as his own; invested it in his business, and in this way lost some of it; and changed the investments from time to time as he saw fit. In consequence of these changes of investment, the trust property had been very much diminished in value. All of his dealings with it seem to have been with the sanction and approval of his children. They were probably willing to let their father have the use of their property, but they have never conveyed their interests in it to him. In January, 1872, all of his sons, and his only daughter, together with her husband, signed a paper under their hands and seals, stating that they agreed with each other and with their parents, that in case their mother should survive their father, she should hold in trust all of this property and

Ehlen *vs.* Ehlen.

appropriate to her own use during her life all the income from the same.

In November, 1883, John H. Ehlen, one of the sons of the trustee, died, leaving a widow, and an infant daughter by the name of Blanche. This infant by her mother and next friend filed a petition against the trustee for an account of the trust. Subsequently the Court, on the petition of the infant, passed an order that the trustee should bring into Court the securities and money which had been allotted to him in the division of his father's estate, or their value; and on his failure to obey the order, removed him from the trust, and appointed William L. Marbury, Esq., trustee in his place. These appeals bring this proceeding before us for review. On the death of John H. Ehlen, the son of the trustee, his interest in the trust property devolved on his personal representative, executor or administrator, as the case might be; but his daughter was beneficially interested in the trust property as his principal distributee. She had a right to the aid of the Court in protecting the trust property, and the most eligible mode of preserving it was that which the Court adopted. The trustee does not appear to have been guilty of any intentional wrong; but evidently he did not understand the nature of his duties and obligations as trustee. When he dealt with the property as his own, he overstepped the line of his duty. The knowledge that his children did not object to his use of their property must have its due weight in any judgment of his conduct. But after the death of his son, a new interest arose, and the holder of this new interest had a right to know what was the condition of the trust property, and to call on the Court to protect it. It was a provident step to require the trust fund to be brought into Court, and when the trustee failed to obey the order of the Court, it was right to remove him.

All of the surviving children of the trustee filed a petition, in which they show that they are entitled to four-fifths of the trust estate, and that all of the action of the trustee in reference to the trust estate, his changing the investment of it, and re-investing it, had their full approval, authority and sanction, and also that of John H. Ehlen, the deceased son. As the interest of the deceased is now beneficially vested in his infant daughter, to the extent of her distributive share, she has independent rights of her own. If her father in his life-time did not care to protect his interests in this fund, this circumstance in no way affects her rights. They are given to her by the law, and in no degree depend upon the wishes of her father. And as the fund is an entirety, her interest in it cannot be protected without securing the whole fund; and this she has a right to do, although the other persons interested in it are willing to relinquish their rights. We think that the Court properly rejected the trustee's petition to be allowed to give bond to secure to any after-born children the interest which they might have in the fund. The Court's duty was to lay its hand on the fund itself, and take control of it.

*Orders affirmed, with costs.*

(Decided 11th March, 1885.)