BLANCHE EHLEN *vs.* JOHN F. EHLEN, Administrator of JOHN H. EHLEN.

*Administrator—Non-resident— Widow—Revocation—Insufficient ground for Withholding letters of Administration, or Revoking letters already granted.*

The non-residence of a person otherwise entitled does not of itself constitute disqualification for the office of administrator.

Where a widow declines to apply for letters of administration upon the estate of her deceased husband, and they are granted to the father of the intestate, he being next in order entitled to administer, such letters will not be revoked upon the application of the widow residing beyond the limits of the State. Although, if she had made application for letters before they were actually granted, she would clearly have been entitled to receive them upon complying with the requirements of the law in other respects, notwithstanding her non-residence.

Where the deceased had an interest in his grandfather's estate which was in litigation, and which existed before the suit was instituted, an administrator should have been appointed to represent such interest in the suit taken to affect that right.

Where a party is entitled in order of preference to administer upon a decedent's estate, the fact that he is accountable as trustee for the fund upon which he is required to administer, furnishes no sufficient cause for either withholding letters from him, or for revoking letters already granted him, before he commits some default in the course of the administration of the estate that may legally require the revocation of his letters to make place for some other person, who may be supposed would be more faithful in the administration of the trust reposed in him.

APPEAL from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, ROBINSON, IRVING, and BRYAN, J.

*W. L. Marbury,* and *A. H. Robertson,* for the appellant.

*Henry C. Kennard,* and *S. Teackle Wallis,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Baltimore City, dated the 22d of April, 1885, dismissing the petition of the appellant, praying for the revocation of the letters of administration that had been previously granted to the appellee, upon the estate of John H. Ehlen, deceased. John H. Ehlen died intestate in November, 1883, leaving the appellant his widow, and an only child, Blanche Ehlen, an infant then but a few days old. Soon after the death of her husband, the appellant, with her infant child, removed from the State, and became a resident of the City of Philadelphia, where she still resides, and with no intention of returning to this State to resume her former residence. The only estate, so far as disclosed by the record, belonging to the decedent at the time of his death which could be the subject of administration, was an interest in funds under his grandfather's will, then in the hands of the appellee as trustee, and which has been the subject of litigation, and which litigation was ultimately decided by this Court in the case of *Ehlen vs. Ehlen,* 63 *Md.,* 267. The decision was rendered on the 11th of March, 1885, and by that decision it was declared that the interest of the decedent, upon his death, devolved on his personal representative; but down to the time of the decision of this Court, there had been no administration upon his estate, though more than sixteen months had elapsed since his death. Within a very short time after the decision of this Court, the appellee, the father of the decedent, made application for letters of administration upon his son's estate, and on the 24th of March, 1885, letters were granted to him. On the next day thereafter

the petition of the appellant was filed, praying the revocation of those letters, upon two distinct grounds: 1st, That the appellant was entitled to the administration upon the estate of her deceased husband; and, 2nd, That the appellee, by reason of the fact of his relation to the trust estate, and his improvident management thereof, was not a fit and proper person to hold the letters of administration. The case was heard in the Orphans' Court upon evidence, and that Court, finding as matter of fact that the appellant resided beyond the jurisdiction of this State, and that she had been requested by the appellee to take out letters upon her husband's estate, but that she had declined so to do, held that she was "excluded from the administration;" and thereupon dismissed her petition. It is from that order that the present appeal is taken.

1. That non-residence of the person otherwise entitled does not of itself constitute disqualification for the office of administrator, would seem to be conclusively settled by the case of *Smith and Wife vs. Young,* 5 *Gill,* 197. But the question here is, whether the fact of non-residence does not in a special manner affect the right of a party to administer, whose application for letters has been preceded by the actual grant of letters to some other competent person to receive them, in the absence of the person last applying?

The Code provides, Art. 93, sec. 18, that if the intestate leaves a widow and a child, administration, at the discretion of the Court, shall be granted either to the widow or the child; and, by sec. 19, if there be a widow and no child, the widow shall be preferred, and next to the widow or children a grand-child shall be preferred; but by sec. 20, if there be neither widow nor child or grandchild, the father of the intestate shall be preferred. It is then provided by sec. 33, that it shall not be necessary to give notice to a party entitled to administration if he be out of the State. Here both the widow and the child re-

side out of the State, and the child is under disability by reason of its infancy; and there being no grand-child of the intestate, the father is next entitled, in the absence of the widow. The widow, if she had made application for letters before they were actually granted to the father of the intestate, would clearly have been entitled to receive them, upon complying with the requirements of the law in other respects, notwithstanding her non-residence. But not having made application before the grant of letters to the father of the intestate, her application after that time came too late. The Legislature certainly never designed that the grant of letters on the estate of an intestate should be deferred or suspended, beyond the period of twenty days from the death of the intestate, and seven days after application made by another person, simply to enable a non-resident to make application for letters; and having declared that it should not be necessary to give notice to a party out of the State, it would seem necessarily to follow, that it was perfectly competent to the Orphans' Court to grant letters to the party next entitled, or to any other person recognized by law as competent to receive them; and when letters are so granted, there is no provision of law, nor principle of reason or policy, that requires the letters so granted to be revoked, to the end simply that a subsequent application, made by a party residing beyond the limits of the State, may be gratified.

It is urged that there was nothing upon which to administer before the recent decision of this Court, in the case of *Ehlen vs. Ehlen, supra,* and therefore there was no occasion or necessity for taking out letters before that time, and that the widow should have been allowed a reasonable time after that decision, within which to make her application. But there is a mistake in supposing that there was nothing upon which to administer before that decision, and that there was no occasion for taking out letters of administration before the decision was rendered, even if that

Ehlen *vs.* Ehlen, Adm'r.

were material in this case. The interest of the decedent in his grand-father's estate existed before the suit referred to was instituted, and there should, of right, have been an administrator made to represent that interest in the equity proceedings taken to affect that right. That, however, was omitted, but by whose fault it is now unnecessary to determine.

2. Then, as to the second ground taken in the petition for the revocation of the letters, that is, the relation of the appellee to the trust fund, and his liability therefor, that, it is clear, can furnish no sufficient cause for either withholding letters from the appellee, or for revoking letters already granted him, before he commits some default in the course of the administration of the estate that may legally require the revocation of his letters, to make place for some other person who may be supposed would be more faithful in the administration of the trust reposed in him. The appellee was appointed by virtue of his right under the statute (the widow being absent), and the Orphans' Court has no power to withhold letters, or to revoke them, because the party entitled in order of preference happens to be accountable for the fund upon which he is required to administer. *Cook vs. Carr,* 19 *Md.,* 1; *Kearney vs. Turner,* 28 *Md.,* 408. We shall affirm the order appealed from, though for reasons somewhat different from those upon which the order was passed.

*Order affirmed,*
*with costs.*