## ORPHANS' COURT OF BALTIMORE CITY

Filed June 27, 1894.

IN THE MATTER OF THE ESTATE OF BENJAMIN T. JOHNS, DECEASED.

*Millard F. Taylor* for Mrs. Johns.

*Archibald H. Taylor* and *E. P. Keech, Jr.,* for Safe Deposit and Trust Company.

GANS AND EDWARDS, JJ.—Dissenting opinion, LINDSAY, C.J.—

This is a case in which, by petition of Lena T. Johns (claiming to be the widow of Benjamin T. Johns, deceased) duly answered by the Safe Deposit and Trust Company of Baltimore, the Court is asked: 1. To decide the validity, or otherwise, of two nuncupative wills made by Benjamin T. Johns, one dated October, 1891, and the other January, 1892; 2. The factum of the marriage of the said Lena T. Johns with the said Benjamin T. Johns; and 3. To revoke the letters of administration on the estate of the said Benjamin T. Johns, heretofore granted to the Safe Deposit and Trust Company, and to grant the same to her, she being entitled, as widow.

The essential facts in the case are few. Benjamin T. Johns was a sailor, and had a legal right, as such, to make a nuncupative will or wills.

His death has been duly certified by the Navy Department of the United States as occurring January 11th, 1894, and that due notice of said death was published in "The Sun," of Baltimore City, on the 14th day of February, 1894.

Letters of administration on his estate were granted to the Safe Deposit and Trust Company on the 7th day of March, 1894.

Lena T. Johns was, at the time of the grant of the letters, out of the State of Maryland, having no right to notice, and did not apply for the letters within the time fixed by the law, viz: 20 days after the death, at which time the Court appointed the said Trust Company as administrator of the estate, it being legally entitled to receive the trust. The application of the said Lena T. Johns was made on the 19th of April, 1894, one month and twelve days after the time limited by law and the appointment of the administrator.

In regard to the first point, the Court had but little trouble in reaching is decision. The date of the death occurred entirely too long after the dates of both nuncupative wills, to allow them any legal validity or efficient force, and the Court gave the opinion at once that they could not stand as nuncupations, and so decided in regard to both of them.

The proof in regard to the second

point, viz.: the marriage of the said Lena to the said Benjamin Johns, was so clear and satisfactory as to make it very easy for the Court to arrive at the conclusion, that the parties had been legally married on the 29th of November, 1886, by Rev. Edward Huber, and that the said Lena is the lawful widow of the said Benjamin Johns.

The main point of controversy lay in the third point already intimated, viz.: the application of the widow to have the letters already granted to the said Trust and Deposit Company revoked and the same given to her, as such widow.

Has the widow, under the facts and circumstances of the case, the right to demand this, and has the Court the legal power to order the change?

The 33rd Section, in connection with the 16th, of Art. 93, of the Code, must determine this question. The portion relative to the point in Sec. 33, reads as follows: "It shall not be necessary to give notice to a party entitled to administration if he be out of the State; nor shall it be necessary to summon or notify collateral relations more remote than brothers and sisters of the intestate, in order to exclude them from the administration."

The time limited by the law for the granting of letters of administration, where there may be any doubt as to the existence of a will, is found in the latter clause of the 16th Section, and reads as follows: "No such administration shall be granted until at least twenty days after the death of the intestate, and at least seven days after the application therefor."

Both these sections were fully complied with by the said Trust Company when the letters were granted to it. The grant was, therefore, in every particular, strictly legal in its character.

Had the widow, who was out of the State, made her application within the prescribed time, or even after it, but before the letters were actually granted to another, she would, unquestionably, have had the right to demand them at the hands of the Court; but we do not think that this right continues to exist in her after the grant is actually made to another at the end of the time thus limited by the law, she being then out of the State and not entitled to notice. That right, once the *first* in her, is, after this, entirely gone, unless for *legal* cause the administrator should be removed. Her claim, after such an appointment, could constitute *in law* no cause for the revocation of letters legally granted.

This point needs no further showing by us. The Court of Appeals, in the case of Ehlen vs. Ehlen, 64 Md. 364, a case almost entirely the same as this, puts the matter clearly beyond all reasonable doubt. The Court says: "The Legislature certainly never designed that the grant of letters on the estate of an intestate should be deferred or suspended beyond the period of twenty days from the death of the intestate and seven days after the application made by another person, simply to enable a non-resident to make application for letters; and having declared that it should not be necessary to give notice to a party out of the State, it would seem necessarily to follow that it was perfectly competent to the Orphans' Court to grant letters to the party next entitled, or to any other person recognized by law as competent to receive them; and, when letters are so granted, there is no provision of law, nor principle of reason or policy, that requires the letters so granted to be revoked, to the end simply that a subsequent application, made by a party residing beyond the limits of the State, may be gratified."

It is therefore ordered, this 26th day of June, 1894: 1. That the papers purporting to be nuncupative wills made by Benjamin T. Johns, while he was acting in the capacity of a sailor, be and the same are hereby rejected.

2. That the marriage of Lena T. Johns with Benjamin T. Johns is satisfactorily proved, and that Lena T. Johns is now the lawful widow of Benjamin T. Johns, deceased.

3. That it is beyond the jurisdiction of the Court to revoke the letters of administration on the said Johns' estate, in the circumstances of the case, for the reasons assigned, and that the Court cannot therefore grant them to the widow.

4. That the costs be paid out of the estate.

---

### DISSENTING OPINION.

LINDSAY, C. J.—

In dissenting from the opinion of the majority of the Court, it is simply upon the point of the refusal to revoke

the letters heretofore granted, thereby depriving the widow of her rights to the administration of her husband's estate from the fact that she did not apply within 20 days after his death, under Sec. 16, Art. 93, when the testimony in the case shows that the deceased died on the 11th day of January, 1894. Some of his relatives were notified through a friend, of his death on Feb. 13th, and on the 14th they published a notice in the Baltimore Sun, these relatives having renounced their rights to the administration and there being no knowledge of his having left a widow, letters were granted to the Safe Deposit & Trust Company, on the 7th day of March. The widow had no knowledge of his death until the tenth day of April, 1894, and on the 19th day of April she comes into Court and finds letters have been granted, and files her petition for the revocation of the letters granted, thereby making her claim within ten days after being informed of his death, which brings her within the time prescribed by Section 16 of Article 93, and therefore cannot be deprived of her rights, and she could not have presumed him dead and received letters of administration, for she had received letters from him within the time that is presumed by law for the presumption of death.

For these reasons I differ with the majority of the Court.