[S. F. No. 2060.   In Bank.—February 27, 1900.]

JAMES HEALY et al., Petitioners, v. SUPERIOR COURT OF LASSEN COUNTY, Respondent.

ESTATES OF DECEASED PERSONS—LETTERS TO PUBLIC ADMINISTRATOR—BOND—CONSTRUCTION OF CODE.—Under section 1727 of the Code of Civil Procedure, the official bond of the public administrator is ordinarily in lieu of the bond required of administrators generally, and he is not required to give bond in double the value of the personal property, and of the rents and profits of the real estate, under section 1388 of the same code, which has no application when letters are issued to him in his official capacity by order of the court.

ID.—JURISDICTION OF COURT—ADDITIONAL BOND.—The court is not required to take any additional bond upon the issuance of letters to the public administrators, but it has jurisdiction to require an additional bond in a less sum than is provided for in section 1388 of the Code of Civil Procedure, by virtue of section 1402 of the same code, if his official bond is known to be insufficient.

PETITION for writ of review to annul orders of the Superior Court of Lassen County, fixing the bond of the public administrator, approving the same, and ordering the issuance of letters.   F. A. Kelly, Judge.

The facts are stated in the opinion of the court.

M. Marstellar, W. M. Boardman, and Frank J. Sullivan, for Petitioners.

Goodwin & Goodwin, for Respondent.

HENSHAW, J.—This is an original application for a writ of review, wherein certain orders of the superior court sitting in probate in the matter of the estate of Matthew Healy, deceased, are sought to be annulled.

There had been a contest over the issuance of letters of administration in the estate of Matthew Healy between the nominee of certain heirs of the deceased and J. W. Hosselkus, public administrator of the county. As an outcome of the contest, the court made findings favorable to the contention of Hosselkus. It found, also, that the value of the personal property in the estate of the deceased, and the probable value of the annual rents, issues, and profits of the real property, were "about the sum of eighty-five thousand dollars." Letters of administration were ordered to Hosselkus as follows:

"The petition of Louis Abrahams praying that letters of administration upon the estate of Matthew Healy, deceased, be issued to him, and the petition of J. W. Hosselkus praying that letters of administration upon said estate issued to him as public administrator of the county of Lassen, said state, together with the respective oppositions thereto, coming on regularly to be heard on the twenty-seventh day of October, 1897, and due proof having been made to the satisfaction of the court that the clerk had given notice of the hearing of each of said petitions in all respects according to law, and all and singular the law and the evidence being by the court understood and fully considered, and the court having filed herein its written findings of fact and conclusions of law therefrom, now, therefore, in accordance with said findings of fact, it is by the court here adjudged and decreed that said Matthew Healy died intestate in the city and county of San Francisco on the twenty-sixth day of September, 1897; that he was a resident of Lassen county at the time of his death, and that he left estate therein and within the jurisdiction of this court.

"It is, therefore, in accordance with said findings, ordered that the petition of Louis Abrahams praying that letters of administration upon the estate of Matthew Healy, deceased, be issued to him, be and the same is hereby denied, and that J. W. Hosselkus be and he is hereby appointed administrator of said estate, and that letters of administration upon the said estate

issue to the petitioner, J. W. Hosselkus, as public administrator in and for the county of Lassen, state of California, upon filing a duly approved bond in the sum of twenty thousand dollars. Dated this eighteenth day of November, 1897."

An appeal from that order was prosecuted to this court, but the appeal was not sustained. (*Estate of Healy,* 122 Cal. 162.) The public administrator gave a bond in the penal sum nominated in the order. This bond was approved by the judge of the superior court and letters of administration were issued. By the judgment of this court are sought to be declared null and void the order of the superior court fixing the penal sum of the bond in twenty thousand dollars, the action of the court in approving a bond in that amount, and the letters issued to Hosselkus as administrator of the estate. The argument herein is that the public administrator, like every other person, when obtaining letters of administration under section 1365 of the Code of Civil Procedure, must give a bond in the amount required by section 1388 of the Code of Civil Procedure; that the order of the court fixing the bond in a less amount is in excess of jurisdiction and void; and that, as an appeal does not lie from the order, it is reviewable under this writ. But this argument cannot be sustained.

Section 1726 of the Code of Civil Procedure provides: "Every public administrator, duly elected, commissioned, and qualified, must take charge of the estates of persons dying within his county as follows: 1. Of the estates of decedents for which no administrators are appointed, and which, in consequence thereof, are being wasted, uncared for, or lost; 2. Of the estates of decedents who have no known heirs; 3. Of the estates ordered into his hands by the court; and 4. Of the estates upon which letters of administration have been issued to him by the court."

Section 1727 of the Code of Civil Procedure declares: "Whenever a public administrator takes charge of an estate, which he is entitled to administer without letters of administration being issued, or under order of the court, he must, with all convenient dispatch, procure letters of administration thereon, in like manner and on like proceedings as letters of administration are issued to other persons. His official bond and oath are in

lieu of the administrator's bond and oath, but, when real estate is ordered to be sold, another bond may be required by the court."

Section 1388 is a general section, applicable in its terms to every person to whom letters testamentary or of administration are directed to issue, but it is a rule of construction too well settled to require the citation of authority that the provisions of a general section give way before those of a particular or specific statute bearing upon the same subject matter. By section 1727 the public administrator is clearly excepted from the operation of section 1388, and it is expressly declared that the official bond and oath of the public administrator are in lieu of the administrator's bond and oath. The public administrator is the eighth class enumerated in section 1365 of the Code of Civil Procedure. He obtains letters of administration, not as an individual, but as public administrator by virtue of his office. In the present case, letters of administration were issued to him by order of the court. It was a case falling under the fourth subdivision of section 1726 of the Code of Civil Procedure. The language of section 1727 applies as fully to a case such as this as to any other case in which the official bond of the public administrator answers for the bond executed by the administrator in other cases. In the early case of *Beckett v. Selover,* 7 Cal. 215, 68 Am. Dec. 237, it was said: "The public administrator is required to give a bond and take the official oath; and it would seem to have been the intention of the statute to dispense with the bond and oath required of other administrators in each particular case."

Under these provisions of the code, then, it was not necessary for the judge to have exacted any bond from the public administrator in addition to the one which he had given in his official capacity. That the court had the right so to do, and that it would be its duty so to do in proper cases, is clear. (Code Civ. Proc., sec. 1402.) But it was in nowise incumbent upon it to require in the first instance, or at all, a bond in twice the amount of the value of the personal property of the estate.

As the inquiry under this writ comes to an end when it is perceived that the court has not exceeded its jurisdiction in

making the orders complained of, and as such is manifestly the case in the present instance, the writ is discharged.

Temple, J., Garoutte, J., Harrison, J., Van Dyke, J., Beatty, C. J., and McFarland, J., concurred.