[No. 1811]

IN RE BAILEY'S ESTATE

SAN PEDRO, LOS ANGELES AND SALT LAKE RAIL-
ROAD COMPANY, APPELLANT, *v.* LUCILLE BAILEY,
RESPONDENT.

1. EXECUTORS AND ADMINISTRATORS—DECISIONS REVIEWABLE—APPOINTMENT
   OF ADMINISTRATOR—REVOCATION.
   
   Under Comp. Laws, 3041 (Stats. 1897, p. 158, c. 106, sec. 255), pro-
   viding that any person aggrieved by a decision of the district court
   appointing an executor or administrator or revoking letters may
   appeal to the supreme court, an appeal will lie from an order refusing
   to revoke letters.

2. STATUTES—CONSTRUCTION—EXPRESSIO UNIUS.
   
   In the construction of statutes, where certain things are enumer-
   ated, such as disqualifications, then all other things are excluded.

3. EXECUTORS AND ADMINISTRATORS—RIGHT TO APPOINTMENT—NONRESIDENT.
   
   Comp. Laws, 2823 (Stats. 1897, p. 124, c. 106, sec. 38), provides who
   shall be appointed as administrator, and the order of preference.   Sec-
   tion 2826 (section 41) enumerates those persons who are disqualified
   from receiving letters.   Neither of said sections disqualify nonresi-
   dents.   Section 2834 (section 49) expressly implies that nonresidents
   may, under certain circumstances, become entitled to letters.   *Held*
   that, under the common-law rule allowing a nonresident to act as
   administrator, and the statute adopting the common law where it is
   not repugnant or in conflict with the Constitution and laws of the
   state, letters of administration may be granted to a nonresident.

4. EXECUTORS AND ADMINISTRATORS—APPOINTMENT—BOND—NECESSITY.
   
   Under Comp. Laws, 2840 (Stats. 1897, p. 126, c. 106, sec. 55) provid-
   ing that persons appointed as administrators shall give bond, unless
   the will provides otherwise, an order issuing letters on the estate of
   an intestate was void, where no bond was required or given.

5. EXECUTORS AND ADMINISTRATORS—APPOINTMENT—BOND—NECESSITY.
   
   That the estate of a deceased was insignificant in value, the princi-
   pal asset being a claim alleged to be due for the wrongful death of
   deceased, was not ground for exempting an administrator from giving
   bond.

6. EXECUTORS AND ADMINISTRATORS—APPOINTMENT—VENUE.
    Under the act of March 23, 1897 (Stats. 1897, p. 119, c. 106; Comp.
    Laws, 2788), limiting power to issue letters of administration to the
    district court of the county in which deceased resided at the time of
    his death, and providing that the estate of a nonresident decedent may
    be settled by the court in any county wherein such estate may be,
    the appointment as an administrator of a nonresident by the district
    court of a county other than that in which decedent died or left prop-
    erty was unauthorized.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, Washoe County; *W. H. A. Pike*, Judge.

Action by the San Pedro, Los Angeles and Salt Lake Railroad against Lucille Bailey to revoke letters of administration on the estate of Claude Bailey, deceased. From an order refusing to revoke said letters, plaintiff appeals. **Reversed.**

The facts sufficiently appear in the opinion.

*Cheney, Massey & Price*, and *F. R. McNamee*, for Appellant.

*Summerfield & Curler*, for Respondent.

By the Court, SWEENEY, J.:

Claude Bailey, deceased, while in the employ of the appellant, was killed by the explosion of an engine in Lincoln County, Nevada, dying on the 12th day of August, 1907, near Arden spur track, in Lincoln County, Nevada. At the time of his death in Lincoln County, Nevada, there was found in the possession and on the person of said Claude Bailey about $1.90, a gold ring, and an open-face gold watch, and it is not shown that said Claude Bailey left any other property in the State of Nevada, or any rights save a right of action against appellant for damages for the alleged wrongful death of the deceased, due to alleged neglect of appellant. At the time of his death the said Claude Bailey was a resident and citizen of the State of California. Lucille Bailey, the respondent, is the widow of said deceased, and also a resident of California. On the 7th day of April, 1908, respondent filed her petition in the District Court of Washoe County, Nevada, praying for letters of administration upon the estate of said Claude Bailey without bond, upon her taking her oath of

office therein; said petition being subscribed and sworn to before a notary public in San Bernardino County, California. On the 18th day of April, 1908, her petition was heard, and the court directed by order that letters of administration issue to respondent upon her taking the oath of office.

On June 1, 1908, respondent attempted to qualify as administratrix by taking the oath required, and thereupon, without bond, letters of administration were issued, and no bond has ever been given by Lucille Bailey as administratrix of the said estate. On the same day and date, June 1, 1908, Lucille Bailey, as administratrix of said estate of deceased, filed her complaint in said district court, asking for $84,000 damages against the appellant herein, as damages for the alleged wrongful death of Claude Bailey, and in this complaint she alleges that she is a resident and citizen of San Bernardino County, State of California. It further appears that said Lucille Bailey, from the date she qualified as administratrix and filed said complaint against the appellant, has not resided in, nor become a resident of, the State of Nevada. On the 15th day of October, 1908, the appellant, which is engaged in the operation of a railroad in California and Nevada, which said railroad passes only through Lincoln County in Nevada, and does business only in Lincoln County in Nevada, and has its process and other agents in Lincoln County, Nevada, filed a petition in said Washoe County District Court, duly praying for the revocation of the letters of administration formerly issued to respondent, Lucille Bailey. This appeal is taken from an order of the said district court, entered on the 26th day of October, 1908, refusing to revoke said letters of administration theretofore issued by said court to respondent.

Apellant assigns seven alleged errors of the lower court wherein it erred in refusing to revoke the letters of administration issued to Lucille Bailey; but, before considering these errors, we will pass upon the objection of counsel for respondent, urging that no appeal lies from an order refusing to revoke letters of administration. In this contention of respondent we disagree.

Section 3041 of the Compiled Laws of Nevada (Stats. 1897, p. 158, c. 106, sec. 255) provides: "Sec. 255. Any person

interested in, affected by, and aggrieved at the decision and decree of the district court appointing an executor or administrator, revoking letters, allowing a final account, or disallowing it, decreeing a distribution or partition, order or decree, confirming or setting aside a report of commissioners, admitting or refusing a will for probate, and any other decision wherein the amount in controversy equals or exceeds, exclusive of costs, one thousand dollars, may appeal to the supreme court of the state, to be governed in all respects as an appeal from a final decision and judgment in action at law." From a mere reading of this section, and the circumstances disclosed by the record in this case, it is clearly manifest to us that an appeal will lie from the order refusing to revoke letters of administration.

Appellant maintains that, upon the record showing that respondent was at the time of her appointment as administratrix a resident and citizen of the State of California, and ever since has been a resident and citizen of the State of California, and never was a resident or citizen of the State of Nevada, the order appointing her administratrix is void, and the court erred, when these facts were brought properly to its attention, in refusing to revoke said letters of administration. There is no express provision in the laws of the State of Nevada prohibiting the court from appointing a nonresident as administratrix. Section 2823 of our Compiled Laws (Stats. 1897, p. 124, c. 106, sec. 38), which treats of those entitled to letters of administration on an estate of a person dying intestate, provides: "Sec. 38. Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled in the following order: First—The surviving husband or wife, or such person as he or she may request to have appointed. Second—The children. Third—The father or mother. Fourth—The brother. Fifth—The sister. Sixth—The grandchildren. Seventh—Any other of the kindred entitled to share in the distribution of the estate. Eighth—The creditors. Ninth—The public administrator. Tenth—Any of the kindred, not above enumerated, within the fourth

degree of consanguinity. Eleventh—Any person or persons legally competent."

There is nothing whatever in this section to indicate that the party applying for letters of administration shall be a resident. Section 2826 of our Compiled Laws (Stats. 1897, p. 124, c. 106, sec. 41), which enumerates those persons who are disqualified from receiving letters of administration, provides: "Sec. 41. No person shall be entitled to letters of administration who shall be: First, under the age of majority; or, second, who shall have been convicted of an infamous crime; or, third, who upon proof shall be adjudged by the court incompetent to execute the duties of the trust, by reason of drunkenness, improvidence or want of integrity or understanding." In this section we find no intimation from our legislature disqualifying a person from receiving letters of administration because of the fact that he may be a nonresident. The principle is well established in the construction of statutes that, where certain things are enumerated as disqualifications, then all other things are excluded; this principle being expressed in the maxim, "*expressio unius est exclusio alterius.*" (26 Am. & Eng. Ency. Law, 2d ed. p. 604, and note 6; *V. & T. R. R.* v. *Elliott*, 5 Nev. 358; *Dewhurst* v. *Fielden*, 7 M. & G. 182, 49 E. C. L. 182; *Rex* v. *Cunningham*, 5 East, 478; *Johnson* v. *S. P. Co.*, 117 Fed. 462, 54 C. C. A. 508.)

Section 2834 of the Compiled Laws of Nevada (Stats. 1897, p. 125, c. 106, sec. 49), which further treats of letters of administration, strongly intimates, in fact expressly implies, that a nonresident can under certain circumstances become entitled to letters of administration. Said section provides: "Sec. 49. Administration may be granted to one or more competent persons, although not entitled to the same, at the request of the person entitled to be joined with such persons. The request shall be in writing and filed in the court. When the person entitled is a nonresident of the state his request, acknowledged before a notary public or other officer having a seal, and authorized by the laws of the state or territory to take acknowledgments, may be received as *prima facie* evidence of the identity of the party, upon which the letters

shall be ordered issued as requested, if the person is competent."

At common law nonresidence was not a disqualification to one applying for letters of administration. (1 Williams on Ex. 7th Am. ed. 537.)

The following authorities support the proposition that, in the absence of any direct prohibition denying a nonresident the right to take out letters of administration, in proper cases letters will issue to a citizen of another state: *Ex Parte Barker*, 2 Leigh (Va.) 719; *Ehlen* v. *Ehlen*, 64 Md. 360, 1 Atl. 880; *Jones* v. *Jones*, 12 Rich. (S. C.) 623; *Robinson* v. *Oceanic Co.*, 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636; *Libbey* v. *Mason*, 112 N. Y. 525, 20 N. E. 355, 2 L. R. A. 795; *In Re Selling* (Sur.) 2 N. Y. Supp. 634; *Gale* v. *Corey*, 112 Ind. 39, 13 N. E. 108, 14 N. E. 362; *Penny's Succession*, 10 La. Ann. 290; *McLaurin* v. *Thompson*, Dud. (S. C.) 335; *Chicago R. Co.* v. *Gould*, 64 Iowa, 343, 20 N. W. 464; 18 Cyc. 95, and authorities cited.

In the absence of any direct prohibition in the laws of Nevada that a nonresident may not take out letters of administration in another state, in view of the statutes of our state above quoted, which in express terms fail to disqualify a nonresident applicant for letters of administration, and in view of the intimation of the legislature that nonresidents in certain cases may be entitled to letters of administration, the common-law rule allowing a nonresident to act as administrator, and the act of our legislature adopting the common law, where it is not repugnant or in conflict with the Constitution and laws of our state, to be the rule of decision of all courts of this state, and the authorities above cited in support of the proposition that, in the absence of any direct prohibition of a nonresident acting as administrator, letters of administration may issue to him, we are of the opinion that appellant's contention in this respect is not well taken, and that letters of administration may issue in this state in proper cases to nonresidents.

Appellant contends that the district court of Washoe County had no authority whatever to issue letters of administration without bond, as was done in this proceeding. Section 2840 of our Compiled Laws (Stats. 1897, p. 126, c. 106,

sec. 55), provides: "Sec. 55.  Every person to whom letters testamentary (unless the will otherwise provides) or of admintration shall have been directed to issue shall, before receiving the letters, execute a bond to the people of the State of Nevada, with two or more sureties to be approved by the district judge. * * *" This provision of our statute is mandatory, and any order which issues letters of administration without bond, save and except in the case where the will of a deceased expressly provides that no bond shall be given, we believe to be void. In the present case the record discloses an application praying for letters without bond, and the order appointing the respondent issues letters to her without bond, and is therefore void.  In the present case the fact and suggestion of counsel for respondent that the estate consisted of only about $1.90, a gold ring, and a gold watch, as being insignificant in value, and the further suggestion of respondent's counsel that the value of the claim alleged to be due for the alleged wrongful death of the said Claude Bailey, being only of a problematical value, are no sufficient reasons for the avoidance of the mandatory effect of this provision.  The order, therefore, issuing letters of administration to the respondent without bond was void, and upon this ground the letters of administration should have been revoked.  (Comp. Laws, 2840, 2842, 2843, 2844, and 2846; *Healy* v. *Lassen County*, 127 Cal. 659, 60 Pac. 428; *Harris* v. *Chipman*, 9 Utah, 101, 33 Pac. 242; *Harris* v. *Coates*, 8 Idaho, 491, 69 Pac. 475.)

Counsel for the appellant further assign that the district court of Washoe County had no jurisdiction to name the administrator, for the reason that whatever of the estate deceased left in this state was situated in Lincoln County. The district courts of this state are by our Constitution vested with jurisdiction to settle all cases relating to the estate of deceased persons, and, the legislature, by an act approved March 23, 1907, has limited the powers to issue letters of administration to the district court of the county in which the deceased was a resident at the time of his death, and that the estate of a nonresident decedent may be settled by the court of any county wherein any part of such estate may be.  (Section 2786, Comp Laws; Stats. 1897, p. 119, c. 106.)  There is

384 Nev.388 In Re Bailey's Estate [31st Nev.

no showing in the record, nor is it maintained that Claude Bailey left any estate whatever in Washoe County, Nevada, or any other county in Nevada, except Lincoln County. It is undisputed that Claude Bailey was injured and died in Lincoln County, Nevada, and that at the time of his death there was found on his person about $1.90, a gold ring, and a gold watch; and, no satisfactory showing appearing to the contrary, this personalty is presumed still to be in Lincoln County.

Our statute provides that the estate of a nonresident decedent may be settled by the district court of the county wherein any part of said estate may be. In that a part of Bailey's estate is shown to have been in Lincoln County at the time of his death, and the presumption is that it is still there, and as no part of his estate was left in Washoe County, or in any other county in this state, the lower court upon the showing made was without jurisdiction to have entered the order appointing the administratrix, and, upon the hearing of the petition of respondent for a revocation of the letters theretofore issued to appellant showing these facts, should have revoked the said letters of administration. (*Bliler* v. *Boswell*, 9 Wyo. 57, 59 Pac. 798, 61 Pac. 867; *City of Horton* v. *Trompeter*, 53 Kan. 150, 35 Pac. 1106; *Pinney* v. *McGregory*, 102 Mass. 186.)

Being of the opinion that the lower court erred in refusing to revoke the letters of administration, we deem it unnecessary to pass upon the other errors assigned by appellant.

For the reasons herein given, the order of the lower court refusing to revoke the letters of administration is reversed, and said court is directed to enter an order revoking said letters.

It is so ordered.