THE PRESIDENT, DIRECTORS & Co. *of the Veazie Bank,* *Appellants from a decree of the Judge of Probate,* versus LEVI YOUNG, *Petitioner.*

By R. S., c. 63, § 19, any person aggrieved by any order, sentence, decree or denial of Judges of Probate, may appeal therefrom.

A party is aggrieved by such decree only when it operates on his property or bears upon his interest directly.

A mere garnishee of a debtor to the estate of a deceased person, has no such interest in the appointment of an administrator upon such estate as enables him to appeal from the decree of the Judge of Probate making such appointment.

When an appeal is taken from the decree of a Judge of Probate by one having no right of appeal, the question of jurisdiction in the Court below cannot be entertained in this Court sitting as the Supreme Court of Probate.

Whether or not an appeal rightfully claimed may be entertained for the purpose of examining and deciding whether the Court below erred in taking jurisdiction, when the want of jurisdiction was not apparent upon the face of the proceedings, *quære.*

ON EXCEPTIONS from *Nisi Prius,* APPLETON, C. J., presiding.

APPEAL from the decree of the Judge of Probate for the county of Penobscot.

The presiding Judge ruled that the Probate Court had jurisdiction, and that the appellant was not a party aggrieved and had no right of appeal, and affirmed the decree of the Judge of Probate appointing an administrator; and the appellant alleged exceptions.

The remaining facts appear in the opinion.

*J. S. Rowe*, in support of the exceptions, contended,—

That the bank rests its right of appeal upon the fact that it is a party defendant, in the suit now pending in this Court. *Atkinson* v. *J. P. Veazie and Veazie Bank, trustee.*

Under the term "party" the law includes all directly interested in the subject matter, and had a right to make defence, &c.   1 Greenl. on Ev., §§ 522, 523.   Trustees shall be summoned by writ, and may appear in Court by attorney, R. S., c. 86, § 8; shall be entitled to costs as a party, and an execution against the plaintiff, §§ 13 and 21; shall be liable for costs, § 18; that he may, as a party, make issues in law or fact, and try the same before Court and jury, §§ 28, 29, 30 and 31; make an agreement on the docket as a party, § 35; in case of his death, his administrator is to be made a party, § 38; is liable on execution for costs, § 62; and may take exceptions as a party, § 79.

In the common law case, the bank has been the only party defendant that ever appeared; Veazie never appeared, but was defaulted at the first term; issues of law and fact have been made up between plaintiff and trustee, which were referred to the Court with right to except; proof introduced, parties heard, and issues decided in favor of trustee, when case was remanded for further proceedings at *Nisi Prius.* Atkinson had died in the meantime, and now one, claiming to be his administrator, appeared, to which the bank objected.

A trustee is a party defendant.   *Boynton* v. *Fly*, 12 Maine, 17.   A party has a pecuniary interest in the result of a suit.   A trustee being party defendant may move the suit be dismissed, if the representative of deceased plaintiff do not come in and prosecute; and, if one falsely pretends to be such representative, he may show falsity of pretence, and have the cause abated.

When the Probate Court has no jurisdiction, or exceeds its powers, its decrees are held to be entirely and absolutely void and of no effect, and may be set aside, in any collateral proceeding, by plea and proof, although such decree might

also have been appealed from. *Peters* v. *Peters*, 7 Cush., 543; *Cutts* v. *Haskins*, 9 Mass., 543; *Holyoke* v. *Haskin*, 5 Pick., 20, and 9 Pick., 259; *Sigourney* v. *Sibley*, 21 Pick., 101.

Decree being void, Bowman is not administrator; payment by the bank on an execution issued upon a judgment rendered in his favor, as administrator, would be no defence to a suit by principal defendant against bank. *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87; *Irving* v. *Folger*, 7 Gray, 505, where the decisions are reviewed. Bowman may show, in answer to a claim for costs, that he was never administrator. *Coffin* v. *Cottle*, 9 Pick., 287.

Bank was a party aggrieved. *Bancroft* v. *Andrews*, 6 Cush., 493–496; *Northampton* v. *Smith*, 11 Met., 390.

The appeal was tried on its merits at *Nisi Prius;* no motion to dismiss appeal; appellee having thus submitted to the jurisdiction, and the Court having taken cognizance of it and heard it, whether appellant be regarded as an aggrieved party or as *amicus curiae,* Court should affirm or reverse decree of Judge of Probate.

The doctrine laid down in *White* v. *Riggs*, 27 Maine, 114, should be limited in its application to cases where the want of jurisdiction appears on the face of the decree. Such decrees cannot aggrieve any party, for they will be declared null upon inspection.

"Law and justice" require the decree to be set aside. R. S., c. 63, §§ 19 and 24.

Counsel also cited 6 Pet., 470; *Gomby* v. *McIntosh*, 22 Barb., 371; *Harv. Coll.* v. *Gore*, 5 Pick., 369.

*Wakefield*, for the appellee.

BARROWS, J.—In December, 1857, an action was commenced in the name of one Amos Atkinson of Brookline, Massachusetts, against Jones P. Veazie, in the S. J. Court in this county, wherein such proceedings were afterwards had that judgment was rendered in favor of the plaintiff in the summer of 1859, for debt and costs, upon which

judgment a suit was almost immediately instituted, in which the President, Directors and Company of the Veazie Bank were summoned as trustees. Protracted litigation between the plaintiff and the alleged trustees ensued, pending which Amos Atkinson died. The Judge of Probate for this county, upon the petition of the respondent, by a decree made in September, 1865, granted administration upon the estate of Atkinson to Hollis Bowman, and now the Veazie Bank, the alleged trustee in the suit still pending, assuming the offensive, interposes an appeal from this decree, assigning, as the reason therefor, want of jurisdiction in the Court below, alleging and offering to prove that there was no estate of Amos Atkinson within this county, and that he had no interest in the suit now pending, or in the judgment upon which it was brought.

If these things were so, and the Probate Court in Penobscot county had no jurisdiction to appoint an administrator in this case, it is not easy to see how this appeal, even had it been claimed by a party interested in the subject matter thereof, could be sustained, inasmuch as this Court, as the Supreme Court of Probate, has appellate jurisdiction only in matters that are determinable by the several Judges of Probate. R. S., c. 63, § 19.

It would seem to follow that this Court could have no appellate jurisdiction of a case not cognizable by the Court below for want of jurisdiction, and that the appeal could only be dismissed. See *Osgood* v. *Thurston*, 23 Pick., 110.

This would seem to be the view entertained by our own Court in *White* v. *Riggs*, 27 Maine, 114, which was a case where probate of a will had been decreed by a probate judge at a time and place other than that fixed by law or under the provisions of the statutes then in force. Upon appeal duly claimed by an heir, who denied the capacity of the testator, and the validity of the instrument, it was held that the Court below had no jurisdiction of the question *there*, and SHEPLEY, J., in announcing the conclusion of *this* Court, remarks thus:—"as the supposed decree was *void*

because the Probate Court had no jurisdiction, *the appeal must be dismissed.*"

Perhaps, then, there would be fair grounds for saying that the very reasons of appeal filed in the case at bar are *felo de se;* that, if the Probate Court had no jurisdiction, this Court has no jurisdiction, and can do nothing but dismiss the appeal, and that, assuming the want of jurisdiction in the Probate Court, no action which this Court could take in the premises as the Supreme Court of Probate would be of any avail, either to confirm or reverse an act which was simply *void.*

The learned counsel for the appellant has established, both upon principle and authority, the position that where the Probate Court has no jurisdiction its decrees are entirely and absolutely void and of no effect, and may be set aside in any collateral proceeding by plea and proof.

How any party can be legally aggrieved by an act which is simply void, and of no effect, is not readily apparent.

But it is not necessary for us, in this case, to determine whether or not an appeal rightfully claimed may be entertained for the purpose of examining and deciding whether the Court below erred in taking jurisdiction, where the want of jurisdiction is not apparent upon the face of the proceedings, and nothing herein before said is to be considered as forestalling a decision upon that point when it shall necessarily arise.

The appeal is not claimed, *here,* by any party legitimately entitled to inquire into the correctness of the proceedings before the Judge of Probate. The Veazie Bank, at the best but a mere garnishee of a debtor to the estate of the deceased, has no such interest in the appointment of an administrator upon that estate as enables it, under our statutes, to appeal from the decree of the Probate Judge, making such appointment.

And it ought to be understood that, *in order to entitle him to be heard in this Court,* sitting as the Supreme Court of Probate, it is the duty of every appellant from a decree of

a Probate Judge, *as a preliminary proceeding*, to establish his interest in the subject matter of the decree from which he claims an appeal, and that this is as essential to his standing in Court here, as it is to show that he has duly claimed an appeal and filed his bond and reasons thereupon according to law.

And it is not a mere remote and contingent interest, or a wish dictated by whim or policy, without any pecuniary interest to be directly affected by the decree, that will suffice.

Thus it has been held that a person entitled to a distributive share in the estate of a residuary legatee has no right to appeal from a decree allowing the executor's account, but such appeal must be claimed by the legal representative of such residuary legatee. *Downing* v. *Porter*, 9 Mass., 386.

"A party aggrieved is one whose pecuniary interest is directly affected by the decree ; one whose right of property may be established or divested by the decree," says SHAW, C. J., in *Wiggin, Adm'r*, v. *Swett*, 6 Met., 197.

If it ever could have been seriously supposed that a debtor to the estate of a deceased person could interpose an appeal from a decree granting administration upon the estate, and thus indirectly indefinitely postpone or defeat the assertion of a claim against himself, it was settled in *Swan, App't*, v. *Picquet*, 3 Pick., 443, that he *could not*.

The alleged debtor of a debtor who denies the existence of his indebtment to the debtor of the estate is quite as remote. It will be time enough for him to call in question the jurisdiction of the Court passing a decree appointing an administrator when he is required to answer to the party appointed. He cannot be permitted to volunteer in an independent proceeding not necessarily affecting his own rights. To allow him to do so would be to suffer every individual in the community to intervene, to the embarrassment of probate proceedings, — *quia timet*, — *quia odit*, — or for any one of the various motives that may cause a man to entertain a wish in the premises, aside from a pecuniary interest in the subject matter of the decree.

" In legal acceptation, a party is aggrieved by such decree only when it operates on his property or bears upon his interest directly." *Deering* v. *Adams*, 34 Maine, 44.

And, as in the last named case, the Court held that the various questions embraced in the reasons of appeal were not before them and could not properly be considered, so *here*, for want of parties competent to make a valid appeal, the question of jurisdiction, in the Court below cannot be entertained.

The right of appeal must be shown before the decree can be either reversed or affirmed. No case is before us (or was before the Judge at *Nisi Prius*) in which the validity of the decree appealed from could properly be determined. We will not establish a precedent for proceedings so irregular as this appeal, by intimating an opinion here what the decision of the Court might be upon the question which the appellants seek to raise, if presented upon proper plea and proof, in the case of *Bowman, adm'r*, v. *Veazie & trustee*.

*Appeal dismissed with costs for the appellee.*

APPLETON, C. J., CUTTING, KENT and DICKERSON, JJ., concurred.

TAPLEY, J., concurred in the result.