THE CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY V. GOULD.

1. **Estates of Decedents**: APPOINTMENT OF NON-RESIDENT AS ADMIN-
   ISTRATOR. Non-residence alone does not disqualify one so that he can-
   not lawfully be appointed an administrator of an estate in this state;
   but ordinarily, in the absence of circumstances requiring the appoint-
   ment of a non-resident, it should not be made. Compare *Estate of
   O'Brien*, 63 Iowa, 622.

2. ———: REMOVAL OF ADMINISTRATOR: WHO MAY SUE FOR. No one is
   authorized to maintain an action for the removal of an administrator
   unless he be "interested in the estate," as contemplated by § 2497 of the
   Code; that is, unless he have a right to benefits from the estate, which
   prompts him to act for preserving its assets, increasing their value, and
   directing their disposition and appropriation; and one against whom an
   administrator has begun an action for the recovery of money cannot sue
   for such removal on the ground that he would not be safe in paying a
   judgment to the *de facto* administrator.

3. ———: PAYMENT TO DE FACTO ADMINISTRATOR. Payment of a claim to
   a *de facto* administrator, though his appointment be erroneous and void-
   able, will bind the estate and discharge the debtor. See authorities
   cited.

*Appeal from Des Moines Circuit Court.*

THURSDAY, SEPTEMBER 18.

THE plaintiff by petition to the circuit court asked that the appointment of defendant as administrator of the estate of Melville Madden, deceased, be revoked. The request was denied, and therefrom plaintiff appealed.

*H. H. Trimble, J. W. Blythe* and *Parsons & Runnells*, for appellant.

*Poor & Baldwin*, for appellee.

BECK, J.—I. The defendant was appointed administrator upon the petition of the widow of the intestate, and duly qualified by taking the oath and giving the bond required

by law, and thereupon letters of administration were issued to him in the usual form. It is shown that he was at the time of his appointment, and continues to be, a non-resident of the state. Soon after these proceedings were had, plaintiff filed its petition in the circuit court, showing that the intestate, at the time of his death, was a resident of Des Moines county, where his widow and next of kin reside, and that his estate has no assets in the state of Illinois, where defendant resides. It is further shown that defendant has brought against plaintiff an action at law, claiming to recover the sum of $20,000 alleged to be due the estate.

It is averred that the appointment of defendant is illegal on account of his non-residence in the state, and for that reason he is not qualified for and eligible to the appointment. It is also assigned as a reason for revoking defendant's appointment that plaintiff, in case said "Gould should recover judgment against it, would not feel safe in paying the said judgment to him, and accepting from him discharges and acquittances."

The defendant moved the court to strike from the files plaintiff's petition, on the ground that it appeared therein that plaintiff had no interest in the estate which entitled it to be heard in the matter. The motion was overruled. Upon consideration of the matters set up in the petition, which were admitted to be true by the parties, the circuit court refused to grant the request of plaintiff to revoke the appointment of defendant as administrator.

Two questions are presented by the record for determination, namely: (1) Do the facts stated in the petition disqualify defendant, so that he cannot lawfully discharge the duties of administrator of the estate, and require the revocation of his letters of administration? (2) Does plaintiff have such an interest in the estate as to authorize it to move for the removal of defendant?

II. It will be observed that the only ground upon which the removal of defendant is urged, is the fact that he is not a

The Chicago, Burlington & Quincy R'y Co. v. Gould.

**1. ESTATE of decedents: appointment of non-resident as administrator.** resident of the state. It is not claimed that he is in any particular incompetent or unfitted for the place, or that his appointment is not in every respect calculated to protect the interest of the estate, of the creditors thereof, and of the heirs and widow of the intestate. It appears that his appointment was made upon the request of the widow, who, under the statute, is herself first entitled to the appointment. Code, § 2354. There is no statute of the state declaring that a non-resident is not qualified and is ineligible for appointment to administer upon an estate. It is provided that "administration shall be granted—(1) To the wife of the deceased; (2) To the next of kin; (3) To his creditors; (4) To any other person whom the court may select." There is no disability imposed by express provisions upon non-residents.

It is undoubtedly true that, for proper reasons, based upon the unfitness or inability of the persons designated in the first three of the classes, as presented by the statute just quoted, administration may be granted to some one of the class next named; and, if no one capable and fitted for the discharge of the duty is found therein, it may be imposed upon persons within the fourth class. It is competent for the probate court to determine the propriety of the appointment of any person who is presented therefor. The ability, character for integrity, interest in the successful administration of the estate, and the opportunity and facilities he will possess to discharge the duties imposed upon him, and other matters, are proper to be considered, and to control the appointment of an administrator. The non-residence of the person presented for appointment ought to be considered, especially in connection with the magnitude of the estate, the character of its assets, the extent of its indebtedness, and the extent of the personal attention of the administrator which probably may be required. Ordinarily, an estate having large assets, which would involve the transaction of much business in its management and settlement, ought not to be entrusted to an

administrator who lives in a distant state. Other circumstances may be imagined, the occurrence of which would forbid the appointment of a non-resident administrator. Indeed, it may well be said that it ought not to be done in any case, unless it be made to appear that the interests of the estate, and of heirs and creditors, will be as well protected by such an administrator as by one who resides within the state. It follows that ordinarily, and without the existence of facts above contemplated, a non-resident ought not to be charged with the duty of administrating upon an estate. *In re Estate of O'Brien,* 63 Iowa, 622. But it cannot be admitted that non-residence alone disqualifies one, so that he cannot be lawfully appointed an administrator in this state.

Code, § 2347, declares that, "if an executor removes his residence from the state, a vacancy will be deemed to have occurred." This provision is not to be understood as prohibiting the appointment of a non-resident administrator. It simply provides that removal from the state by the administrator creates a vacancy in the place. The obvious reason for this enactment is found in the fact that, as we have pointed out above, the non-residence of the applicant is an important matter to be considered in issuing letters of administration, and ordinarily, in the absence of circumstances and conditions requiring his appointment, it should not be made. Hence, when an administrator removes from the state, there ought to occur a vacancy, for the reason that his non-residence was not considered in making his appointment. Upon the happening of a vacancy under this statute, the probate court will consider the present non-residence of the incumbent, and, if it appear that, under the rules and on account of the considerations we have pointed out, he ought to continue to fill the place, he may be reappointed.

It is said that a non-resident ought not to act as administrator, for the reason that service of process and orders cannot be made upon him in the state, and thereby the settlement of the estate would be delayed and obstructed. This court has

held that a non-resident administrator appointed by a court of this state is, in his representative capacity, subject to its jurisdiction, and has recognized the sufficiency of a notice issued to him in the probate proceedings, which was served out of the state. *Huey v. Huey*, 26 Iowa, 525. But, should it appear that process or orders could not be served upon him for the reason of his absence from the state, or that such service was so delayed as to obstruct the prompt proceeding in the administration of the estate, it would and should be the cause of removal of the administrator. And, indeed, the non-resident administrator could be, and ought to be, required by prompt periodical appearance in the court at sufficiently brief intervals, or in other ways, to afford facilities for the service of process and orders upon him, so that the settlement of the estate would not be delayed, and that all persons interested therein, as well as creditors, would not be subjected to inconvenience and delay in proceedings affecting their rights. In this way, an executor would be secured for the estate who, though a non-resident, would administer upon it to the best interest of all concerned. These views are in harmony with our prior decision, (*In re Estate of O'Brien, supra*,) and find support in the following cases: *Jones v. Jones*, 12 Richardson, (S. C.,) 623; *Wyley v. Brainerd*, 11 Vt., 107; *Cambiaso v. Negrotto*, 2 Addams, Ecc., 439.

III. We are next to enquire whether plaintiff has such an interest in the estate as will authorize it to move for the revocation of the letters of administration issued to plaintiff. Code, § 2497, provides that a "petition for the removal of executors or administra-

2. ——: removal of administrator: who may sue for.

tors     *     *     *     *     *     * shall be filed in the court from which the letters were issued, by any person interested in the estate." Unless plaintiff have such interest in the estate as contemplated by this section, it cannot be heard to ask for defendant's removal.

Plaintiff has no interest in the property of the estate, either as an heir, creditor or otherwise. The interest contemplated

by our statute is a right to benefits from the estate, which prompts the person to act for preserving its assets, increasing their value, and directing their disposition and appropriation. Surely, the statute does not, in this provision, contemplate one whose interests would be promoted in the destruction of the assets. His interest would be in conflict with the rights of the estate and its beneficiaries. He could not be "interested in the estate" in the sense of the expression as it is used in the statute just cited. The plaintiff has an interest to defeat the claim which the estate holds against it. This interest prompts it to resist the claim, and, if it is successful, it will destroy what is now regarded as defendant's property. It is absurd to say that plaintiff is "interested in the estate" in any other way than as a litigant is interested to defeat the claim of his adversary. Its interest is of the character of that which an enemy feels who seeks the destruction of his foe.

It is shown by the petition that plaintiff insists that if judgment should be rendered against it in favor of defendant as administrator, it could not safely pay the judgment; the thought being that the claim of the estate would not thereby be discharged. Plaintiff, it seems, does not regard the appointment of defendant as void, but voidable only, in that it does not treat his acts as mere nullities, but seeks to have his appointment revoked. If the order of the court in making the appointment was erroneous, and therefore merely voidable, all acts of the administrator, until his appointment be set aside, will be valid. Hence, payment to him before his removal, would bind the estate. While acting as such, he is regarded as the administrator *de facto*, and his acts are binding between the estate and persons who deal with him in good faith. *Mut. Benefit Life Ins. Co., v. Tisdale*, 91 U. S., 238; *Cocke v. Halsey*, 16 Pet., 71; *Shephard v. Rhodes*, 60 Ill., 301; *Moreland v. Lawrence*, 23 Minn., 84; *Belden v. Meeker*, 47 N. Y., 307;

3. ——: payment to de facto administrator.

*Emery v. Hildreth*, 2 Gray, 228; *Irwin v. Bank*, 38 U. C. Q. B., 375.

We reach the conclusion that plaintiff has no such interest in the estate as, under the statute, will authorize him to move for revocation of the letters of administration issued to defendant. This conclusion is supported by the following cases: *Swan v. Picquet*, 3 Pick., 433; *White v. Spaulding*, 50 Mich., 22; *Augusta R'y Co. v. Peacock*, 56 Geo., 146; *Penniman v. French*, 2 Mass., 140; *Labar v. Nichols*, 23 Mich., 310.

The foregoing discussion disposes of all questions in the the case. We are of the opinion that the judgment of the circuit court ought to be

AFFIRMED.