Merrimack, }
April 6, 1915. }

JOSEPH W WORTHEN, *Adm'r,* *v.* NEW YORK CENTRAL & HUDSON
RIVER RAILROAD.

The defendant in an action for wrongful death, brought by an administrator
appointed for the sole purpose of instituting such suit, is not entitled to appeal
from the decree of the probate court appointing such administrator.

PROBATE APPEAL, from a decree appointing the plaintiff admin-
istrator. Transferred without ruling from the October term, 1914,
of the superior court by *Kivel,* J.

Warren A. Hix was a resident of Massachusetts and was killed in
that state while in the employ of the defendant. He left estate
there which is being administered in the usual course. By a statute
of Massachusetts, an action may be maintained by the administrator
to recover damages for wrongfully causing death. Upon petition
of one who would be a beneficiary of such an action, representing
that the cause of action was assets in this state, the plaintiff was
appointed administrator and brought suit against the defendant in
this county. The defendant has no place of business in this state,
and no service was made upon it except an attachment of its cars
which were found here. The Massachusetts administrator brought
suit in that state the next day after the suit was begun in this state.
After the suit was instituted, the defendant claimed an appeal from
the decree appointing the plaintiff.

*Hollis & Murchie* (*Alexander Murchie* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Jonathan Piper* orally),
for the defendant.

PEASLEE, J. The defendant herein seeks to appeal from a decree
of the probate court appointing an administrator upon the estate
of one Hix, and the question presented is whether it is entitled to
take the appeal. More specifically, the question is, as stated in the
defendant's brief, "whether a defendant in a cause of action for
wrongful death, brought by an administrator appointed for the sole
purpose of bringing such suit, is entitled to appeal from the decree
of the probate court appointing the administrator." The statute
provides that "any person aggrieved by a decree . . . of a
judge of probate, which may conclude his interest," may appeal

therefrom.  P. S., c. 200, s. 1.  In *Hutchins* v. *Brown, ante,* 105, 107, it was held that an appeal from the appointment of a guardian would not lie in behalf of one whose legal right or interest was not affected by the appointment.  "Generally, it may be said that one cannot be legally aggrieved by a decision unless he has some private right which is affected thereby."  *Bennett* v. *Tuftonborough,* 72 N. H. 63, 64.

It is evident that the defendant is not a party interested in the estate.  On the contrary, its interests are wholly adverse to the estate.  Its avowed purpose in prosecuting this appeal is not that the estate may be more properly administered here, but that any administration in this jurisdiction shall be prevented.  This appears to be conceded, and the proposition is advanced that the decree may injuriously affect the defendant's interests although it has no interest in the estate.  This involves a misapprehension of the scope of a decree appointing an administrator.  Such a decree relates solely to the estate and its settlement, and unless a party be interested in the estate his interests cannot be affected by the decree.

The argument advanced is that the defendant ought not to be sued in this state; that so long as the decree stands it may be so sued, and therefore its interests are concluded unless it can appeal. But its liability to suit in this state is not determined or in any way affected by the appointment of the administrator.  The appointment merely supplies the deficiency of a party, caused by the death of Hix.  It designates Worthen as the proper party to prosecute such claim as the estate of Hix may have.  It does not settle that there is a valid claim, or that there is one which can be litigated in this state.  So far as the defendant is concerned, the appointment is *res inter alios acta.*  The decree simply establishes that the administrator is the legal representative of such rights as the estate may have.  It is not conclusive, or even evidence, that the estate has any particular right, either against this defendant or against any other party.

It is urged that so long as the appointment stands the defendant may be compelled to come into this state and litigate the claim for damages on account of the death of Hix.  Of course, this is true in the sense that so long as there is a party in existence he may begin suit, but it is not true in any broader sense.  Jurisdiction over the defendant is neither created nor enlarged by the appointment. In short, the appointment places the estate in a position to sue exactly as Hix could have sued if he had survived.

The defendant's position is, in substance, that it is entitled to proceed here as upon a bill *quia timet*, or a bill of peace, to prevent the unjustifiable institution of a suit against it; and it seeks to do this, not merely by enjoining the suit, but by intervening in a preliminary proceeding to which it was not a party. No equitable ground for thus interfering with the usual and orderly course of procedure at law is shown. Such defence as there may be to this claim can be fully presented in the action in the superior court. If the suit is maintainable, it would have been error to refuse to appoint an administrator. If it is not maintainable, it will be dismissed by the superior court, without unusual cost or inconvenience to the defendant. The expense or trouble of raising the question in that suit cannot be substantially greater than would be involved by litigating it here. In any event, its litigation here would not be such a relief from an unwarranted harassment of the defendant as to call for equitable interference with proceedings at law.

Cases from three states are cited to the effect that this appeal can be maintained: *Louisville etc. R. R.* v. *Herb*, 125 Tenn. 408; *Cooper* v. *Railway*, 41 Tex. Civ. App. 596; *Jeffersonville R. R.* v. *Swayne's Adm'r*, 26 Ind. 477. The cases in Indiana and Texas appear to owe their origin to a misconception of certain early decisions in Massachusetts. But upon whatever ground they are put, they are not sustained by satisfactory reasoning and are opposed by other recent authorities cited by the plaintiff. *Kent* v. *Railroad*, 6 Mackey 335; *Yazoo etc. R. R.* v. *Jeffries*, 99 Miss. 534; *In re Hardy*, 35 Minn. 193; *Missouri etc. Ry.* v. *Bennett*, 58 Kan. 499; *Missouri etc. Ry.* v. *Bradley*, 51 Neb. 596; *In re Tasanen's Estate*, 25 Utah 396.

The authorities upon which the arguments have been based are largely from southern and western jurisdictions. The question is not, however, a new one in this part of the country. A case very similar to this arose in Massachusetts ninety years ago. The facts were in all essential respects parallel with those in the case at bar, and it was held that the alleged debtor had no right of appeal. *Swan* v. *Picquet*, 3 Pick. 443. "If it ever could have been seriously supposed that a debtor to the estate of a deceased person could interpose an appeal from a decree granting administration upon the estate, and thus indirectly postpone or defeat the assertion of a claim against himself, it was settled in *Swan* v. *Picquet* . . . that he could not." *Veazie Bank* v. *Young*, 53 Me. 555, 560. This rule appears to have been uniformly followed in the eastern states.

*Woodward* v. *Spear*, 10 Vt. 420; *Swackhamer* v. *Kline's Adm'r*, 25 N. J. Eq. 503; Woern. Adm. 1193–1195; Maine Probate Law (1896) 388; Fuller Mass. Probate Law (3d ed.) 471. See, also, *Norton's Appeal*, 46 Conn. 527.

As the appeal was not taken and is not prosecuted by a party aggrieved by the decree, it must be dismissed. The questions whether the administrator ought to have been appointed, and whether the suit in the superior court, if maintainable, ought to be held in abeyance until the termination of the suit brought in the state where the intestate resided, where he left estate, where the cause of action arose, and where the statute giving the cause of action was enacted, are matters which cannot now be passed upon.

*Appeal   dismissed.*

PLUMMER, J., did not sit: the others concurred.