IN RE ESTATE OF JOHN R. GRAY.

EDWIN ROLAND MURCHISON, Appellant, v. W. A. IRWIN, Administrator, Appellee.

**EXECUTORS AND ADMINISTRATORS:** Appointment—Supplanting **Resident Appointee.** A duly appointed foreign executor, even though nominated as such in the will, has no arbitrary right to supplant an executor appointed in this state, where part of the estate is situated. The court has a discretion to act in the best interest of the estate. (See Book of Anno., Vol. 1, Sec. 11857.)

Headnote 1:    23 C. J. pp. 1024, 1102.

*Appeal from Benton District Court.*—B. F. CUMMINGS, Judge.

APRIL 6, 1926.

APPLICATION to the district court of Benton County, to set aside the appointment of an administrator under the will of John R. Gray, deceased. The application was denied, and the applicant has appealed from the order.—*Affirmed.*

*Goldthwaite & Wilkinson,* for appellant.

*Snyder & Snyder,* for appellee.

EVANS, J.—John R. Gray died testate in California on February 26, 1925. He had been a resident of California for twelve years. Prior to that time he had been a resident of both Benton and Iowa Counties in Iowa. He left surviving him, as his only heirs, two daughters, Mrs. Walker and Mrs. Eckert, and these were his residuary legatees, in equal shares. The will was admitted to probate in California on March 5th. Murchison was named therein as the executor, and was duly appointed by the California court. The California estate amounted to about $35,000. In addition thereto, the decedent owned a farm of 480 acres in Iowa County, of the value of about $70,000. He also owned a house and lot in the city of Belle Plaine, to the value of about $3,000, and moneys and credits in a Marengo bank, in Iowa County, to the amount of $3,200. On April 14, 1925, Mrs. Walker caused the probated will to be filed in the

district court of Benton County, and by her application obtained the appointment of Irwin as administrator in Iowa. Two days later, Murchison filed the probated will in the district court of Iowa County, and obtained his own appointment as Iowa administrator, and qualified thereto on April 24th. In the meantime, the personal estate in Iowa had passed into the hands of Irwin, as administrator. Thereafter, Murchison filed his application in the district court of Benton County, sitting in probate, to set aside the appointment of Irwin, and to appoint the applicant as the executor designated by the testator. At the hearing, the evidence on both sides was submitted in the form of affidavits, to the competency of which no objection was or is urged. In denying the application, the court acted within the power of discretion conferred upon it by Section 11894 of the Code of 1924. The fact that the applicant had been nominated by the testator is one which is entitled to very substantial consideration; and this is so even though he be a nonresident. The fact of nonresidence, however, though not a bar to the appointment of the applicant, is an unfavorable circumstance, and requires consideration by the court as to the effect thereof upon the best interests of the estate. On this question the nature of the duties which are likely to be required of the appointee in the particular estate is a proper consideration. *Foley v. Cudahy Pkg. Co.*, 119 Iowa 246; *Chicago, B. & Q. R. Co. v. Gould*, 64 Iowa 343; *In re Estate of Doolittle*, 169 Iowa 639.

In this case, the appointee, Irwin, is a banker at Belle Plaine. His fitness for the duty is not challenged. The description of the 480-acre farm indicates its location in Iowa County to be within six miles from the city of Belle Plaine, which is in Benton County. The farm is a valuable one, and presumably must be cared for and properly leased, in order to preserve it from deterioration. Presumably, also, rents must be collected, and perhaps prospective purchasers be found. The trial judge might reasonably have believed that Irwin was better situated, and by his general acquaintance was better adapted to the performance of such duties than a nonresident executor could be. In denying the application, therefore, there was no abuse of the discretion conferred by the statute.

The order appealed from is, accordingly,—*Affirmed*.

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.