IN RE ESTATE OF ALICE BURT RUGH.

IN RE ESTATE OF GEORGE S. RUGH.

No. 40393.

January 13, 1931.

*Donnelly, Lynch, Anderson & Lynch,* for appellant.

*Crissman, Linville & Bleakley,* for appellees.

Faville, C. J.—Herbert B. Rugh was twice married. He died before the events involved in this case. To the first marriage two children were born, Charlotte Rugh Halls and Eleanor Rugh. They are the appellees herein. One is 23 years of age, and the other 19, and both live in Canada, and are nonresident aliens. To the second marriage two children were born, George S. Rugh and Alice Burt Rugh. The second wife of the said Herbert B. Rugh was Alice Slocum Rugh. On the 17th day of November, 1929, Alice Slocum Rugh and her two children, George S. Rugh and Alice Burt Rugh, aged 7 and 5 years, respectively, were found dead in an automobile in a garage at the home of said Alice Slocum Rugh, all having been suffocated by carbon monoxide gas. On the 19th day of November, 1929, Rilla S. Rugh, the paternal grandmother of George and Alice, petitioned the probate court of Linn County for appointment as administratrix of the estate of each of said deceased children, and she was on said date appointed adminis-

tratrix, and qualified as such. This appeal involves each of said cases, which were consolidated for the purpose of trial. The said Rilla S. Rugh is a resident of Linn County, Iowa. It appears that the maternal grandmother of said deceased children is a resident of the state of Montana. On the 5th day of December, 1929, the appellees herein, the sole surviving children of said Herbert B. Rugh by his first marriage, petitioned the probate court of Linn County for the removal of the said Rilla S. Rugh as administratrix of the estates of said deceased children, and made application for the appointment of a corporation, the Merchants National Bank of the city of Cedar Rapids, Linn County, Iowa, as administrator of each of said estates. Upon the hearing on said application, it was stipulated or shown of record that the appellees were born in the Dominion of Canada, and each has always resided therein, and that each is a subject and always has been of the king of Great Britain, and neither of them has ever resided in the United States of America. It is conceded that the appellees are half sisters of the deceased children, George and Alice, and that there were no children born to the said Herbert B. Rugh except the four named.

I. The sole question for our consideration is whether the court erred in removing the appellant as administratrix of the estates of said two deceased children and in appointing said Merchants National Bank as administrator, upon the petition of the appellees.

The administration of the estate of a decedent within this state is solely a matter of statutory enactment. The Laws of the Territory of Iowa, by the act approved January 25, 1839, Section 52, was the first legislative enactment in respect to said matter. The Code of 1851, Section 1311, provided as follows:

"In other cases where an executor is not appointed by will administration shall be granted:

"1. To the wife of the deceased;

"2. To his next of kin;

"3. To his creditors;

"4. To any other person whom the court may select."

This section was carried practically without change into the Revision of 1860, as Section 2343, and into the Code of 1873, as Section 2354. The Code of 1897, Section 3297, made a change

in phraseology only in respect to the first class named, the original provision being for the granting of administration to the "wife of the deceased." The legislature changed this to the "husband or wife of the deceased." By all of the statutes, commencing with the Code of 1851, it is provided:

"To each of the above classes, in succession, a period of twenty days (commencing with the burial of the deceased) is allowed, within which to apply for administration upon the estate."

The Extra Session of the Fortieth General Assembly, which is commonly known as the "Code Revision Session," made a very material change in the phraseology of the statute with regard to the appointment of an administrator. The code commissioners' bill which was introduced as Senate File 237 was amended, and as finally adopted by the legislature appears now as Section 11883 of the Code of 1927, which said section is as follows:

"In other cases, where an executor is not appointed by will, administration shall be granted to any suitable person or persons on the request and application of:
"1. The surviving spouse.
"2. The next of kin.
"3. Creditors.
"4. Any other person showing good grounds therefor."

The section allowing to each of the named classes in succession a period of twenty days, commencing with the burial of the deceased, in which to apply for administration, remains unchanged, and is Section 11884 of the Code of 1927.

The appellant comes within the fourth class enumerated in the statute. She is neither the surviving spouse, next of kin, nor a creditor of the decedents'; but she is properly designated as "any other person showing good grounds" for the appointment. The appellees, on the other hand, claim to be the next of kin of the decedents, and their application was within the time stated in the statute as to such class.

The appellant, however, contends that the statute should be so construed as to provide that the applicant for administration must be within the class designated in the statute, and that

the application must be for the appointment of the applicant, and not some other party. Upon this premise the appellant argues that the appellees, being nonresident aliens, are not entitled to letters of administration for themselves, and that no power is given them under the statute to nominate any other person to act in said capacity when they are themselves disqualified to so act. This contention of the appellant's fails to give any force or effect to the change in the statute made by the fortieth general assembly in extra session. If we set the two statutes in juxtaposition, it appears that the old statute provided that:

"* * * administration shall be granted: * * *
"2. To his next of kin."

The present statute provides that:

."* * * administration shall be granted to any suitable person or persons on the request and application of: * * *
"2. The next of kin."

Even under the old statute, we tacitly recognized the validity of the appointment of a third party, where the application for such appointment was made by one of the designated classes.

In *Chicago, B. & Q. R. Co. v. Gould,* 64 Iowa 343, we considered an application for the revocation of the appointment of an administrator of an estate, where the application for appointment was made by the widow, under the statute, and upon her request, a third party was appointed. In said case it was not claimed that the party so appointed was incompetent or unfitted for the place, or that his appointment would not protect the interests of the estate. We said:

"It is competent for the probate court to determine the propriety of the appointment of any person who is presented therefor."

We affirmed the action of the probate court in refusing to revoke the appointment of a third party as administrator where the appointment had been made upon the request of the widow of the decedent, who made the application within the statutory time.

So far as we are advised, there has never been any declara-

tion by this court construing the old statute to the effect that the applicant must apply for his own appointment as administrator, and that he could not nominate another suitable party to so act. Regardless of the proper construction that should be placed upon the old statute, we think it is perfectly clear that, under the express language of the new statute, Code Section 11883, the applicant for administration need not seek the appointment of himself, but may apply to the court within the stated time for the appointment of "any suitable person." The statute now expressly provides that the administration may be granted to "*any* suitable person," and that it may be so granted on the "request and application" of one of the designated classes. So, in the instant case, the appellees, under the precise provisions of this statute, within the stated period, as next of kin, made application and request to the probate court, not for their own appointment, but for the appointment of a local corporation, which the court found to be "a suitable person" to administer said estate. There was, therefore, a strict and literal compliance with the statute. We therefore hold at this point that, under the statute as it now stands, the appellees were not compelled to seek the appointment of themselves as administratrices, and that they had a right to request the appointment of a suitable person other than themselves to act.

II. The appellant contends, however, that the appellees, being nonresident aliens, have no standing to apply for administration for themselves, and hence cannot apply for ad

ministration and nominate some other party. Even though the appellees had requested the appointment of themselves as administratrices of said estates, the fact alone that they are nonresident aliens would not, as appellant contends, necessarily, and as a matter of law, bar them from the right to such appointment.

In *Chicago, B. & Q. R. Co. v. Gould,* supra, we said:

"The nonresidence of the person presented for appointment ought to be considered, especially in connection with the magnitude of the estate, the character of its assets, the extent of its indebtedness, and the extent of the personal attention of the administrator which probably may be required. Ordinarily, an estate having large assets, which would involve the

transaction of much business in its management and settlement, ought not to be entrusted to an administrator who lives in a distant state. Other circumstances may be imagined, the occurrence of which would forbid the appointment of a nonresident administrator. Indeed, it may well be said that it ought not to be done in any case, unless it be made to appear that the interests of the estate and of heirs and creditors will be as well protected by such an administrator as by one who resides within the state. It follows that ordinarily, and without the existence of facts above contemplated, a nonresident ought not to be charged with the duty of administrating upon an estate. *In re Estate of O'Brien*, 63 Iowa 622. But it cannot be admitted that nonresidence alone disqualifies one, so that he cannot be lawfully appointed an administrator in this state.''

The same rule is recognized in *Foley v. Cudahy Packing Co.*, 119 Iowa 246; and again in *In re Estate of Bagnola*, 178 Iowa 757.

In *In re Estate of Gray*, 201 Iowa 876, we said:

''The fact of nonresidence, however, though not a bar to the appointment of the applicant, is an unfavorable circumstance, and requires consideration by the court as to the effect thereof upon the best interests of the estate. On this question the nature of the duties which are likely to be required of the appointee in the particular estate is a proper consideration.''

A nonresident alien is not, by virtue of said fact alone, denied the right to appear before the courts of this state and make application for protection of his property rights in property situated within this state. In other words, the doors of our courts are not absolutely closed to one merely because of the fact that he is a nonresident alien. Whether, under the discretion vested in the probate court by the terms of the statute, it would be proper in any case to appoint a nonresident alien as administrator of an estate within this state, is a question for determination by the probate court, upon all the facts and circumstances involved. As stated in the *Gray* case, the fact of nonresidence of an administrator is ''an unfavorable circumstance.'' Undoubtedly, any court would hesitate before appointing a nonresident alien as administrator in any case. The point is, however, that there is no absolute prohibitive bar to the ap-

pointment of a nonresident alien as administrator of a local estate, if all the facts and circumstances make it appear that such nonresident alien is a "suitable person" to administer said estate.

We reach the conclusion that, at the time the applications for the appointment of administrators were made, the appellees appeared to the court to be the next of kin of the decedents, and as such, even though nonresident aliens, they were entitled to apply to the court for the granting of letters of administration. In the instant case they requested that such letters be granted to a local corporation, which, under the statute, is empowered to act as administrator, and the probate court found such corporation to be "a suitable person."

It therefore follows that the order of the trial court revoking the appointment of the appellant and appointing the said bank as administrator was in accord with the terms and provisions of the statute; and, no abuse of discretion or impropriety having been shown, the order of the district court must be, and it is,—*Affirmed.*

EVANS, MORLING, KINDIG, and GRIMM, JJ., concur.