**APPLEBY v. TOM.**

**No. 4241.**

Court of Civil Appeals of Texas. El Paso.

Nov. 12, 1942.

Rehearing Denied Dec. 3, 1942.

Lea & Edwards, of El Paso, for appellant.

Tom R. Files and R. A. D. Morton, both of El Paso, for appellee.

SUTTON, Justice.

This is an appeal from the Forty-first District Court of El Paso County.

The parties appear here in the same order as in the trial court and will be referred to as plaintiff and defendant.

This is a certiorari proceeding brought under the provisions of Art. 932, Vernon's R.C.S. The plaintiff sought to have set aside and vacated an administration proceeding pending in the County Probate Court of El Paso County on numerous grounds not necessary here to repeat. On a trial of the law questions arising on the pleadings the trial court dismissed plaintiff's suit, from which judgment this appeal has been perfected.

Defendant was appointed temporary administratrix of the estate of her deceased husband, J. D. Tom, June 5, 1941. The administration was subsequently made permanent. August 28, 1941, plaintiff sought to have the administration vacated by bill of review which the Probate Court denied December 3, 1941. On December 5, 1941, the plaintiff instituted this certiorari proceeding, which was dismissed, as aforesaid, and on the ground, among others, that the plaintiff has no interest in the estate of the

**520**

deceased Tom as contemplated in Art. 932, supra.

Plaintiff has numerous assignments and points which he has briefed under three groupings. In his brief the plaintiff asserts the dominant and decisive issue is the question of interest. To this we agree.

Under the authority granted by the Probate Court of El Paso County the defendant here, as plaintiff, instituted a suit in New Mexico against plaintiff here to recover damages for the alleged negligent and wrongful death of her husband, claimed to have been caused by the plaintiff in New Mexico, where Tom died. It is undisputed that defendant here is the sole heir and next of kin of J. D. Tom, deceased. It is likewise undisputed that the estate consists solely of the alleged cause of action, and that the only interest the plaintiff·has in the estate is as defendant in the New Mexico suit, hence, the question, Is that such an interest as is contemplated by Art. 932? Plaintiff contends it is, and relies primarily upon the case of Cooper v. Gulf, C. & S. F. Ry. Co., 41 Tex.Civ.App. 596, 93 S.W. 201, writ refused.

That case did not originate under the provisions of Art. 932, then in effect, but was, undoubtedly, an appeal under the provisions of Art. 2255, R.C.S.1895, Vernon's Ann.Civ.St. art. 3698, which gave the right of appeal to "any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court * * *." It is altogether true, as here contended, that the court in the Cooper case said, whether it was called upon to do so or not, that the defendant Railway Company had an interest in the estate such as would entitle it to maintain the suit. In the light of numerous constructions in subsequent decisions approved by the Supreme Court, we are inclined to the view the court did not have in mind the provisions of Art. 932.

■ Art. 3315, Vernon's Civil Statutes, uses these words: "Any person interested in an estate * * *." Art. 5534, same statutes, says: "Any person interested in any will * * *." These statutes have been before Texas courts numerous· times and the language there used defined, and a "person interested" defined. Probably the first case and subsequent to the Cooper case is Pena y Vidaurri's Estate v. Bruni, Tex. Civ.App., 156 S.W. 315, 316, writ refused. There the court said: "The expression,

'person interested,' as used in the statute, includes only him, who either absolutely or contingently is entitled to share in the estate or the proceeds thereof, as husband and wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor."

There is cited there the case of Chicago, B. & Q. Railway Co. v. Gould, ·64 Iowa 343, 20 N.W. 464, 466. The court there had under consideration the petition of the Railway Company to revoke letters of administration in a situation very similar to the instant case, wherein the company had been sued by the administrator. The statute provided such a suit might be brought "by any person interested in the estate." Code 1882, § 2497. It was held the company had no such interest as is contemplated by the statute, and said: "The interest contemplated by the statute is a right to benefits from the estate which prompts the person to act for preserving its assets, increasing their value, and directing their disposition and appropriation. Surely, the statute does not in this provision contemplate one whose interest would be promoted in. the destruction of the assets. His interest would be in conflict with the rights of the estate and its beneficiaries. He could not be 'interested in the estate' in the sense of the expression as it is used in the statute just cited. The plaintiff has an interest to defeat the claim which the estate holds against it. This interest prompts it to resist the claim, and if it is successful it will destroy what is now regarded as property. It is absurd to say that plaintiff is 'interested in the estate' in any other way than as a litigant is interested to defeat the claim of his adversary. Its interest is of the character of that which an enemy feels who seeks the destruction of his foe."

■ The Pena case, supra, has been many times approved, and the definition quoted above repeated with approval. Daniels v. Jones, Tex.Civ.App., 224 S.W. 476, writ refused; Ross' Estate v. Abrams, Tex.Civ.App., 239 S.W. 705, affirmed Tex. Com.App., 250 S.W. 1019; Alexander v. State, Tex.Civ.App., 115 S.W.2d 1122, writ refused; and Arai v. Saenz, Tex.Civ.App., 52 S.W.2d 383, (1) page 385, writ refused. This last case cited quotes from Moore v. Stark, 118 Tex. 565, 17 S.W.2d 1037, at page 1041 (Com.App., adopted) ; Abrams v. Ross' Estate, Tex.Com.App., 250 S.W. 1019;

Dickson v. Dickson, Tex.Com.App., 5 S.W. 2d 744; and other authorities to the effect that the language used in these several articles of the statutes, Arts. 3315 and 5534, supra, in connection with "persons interested," etc., refers to the same subject matter and that such subject matter is the property of the estate—the property belonging to the testator or intestate which would pass and vest under the will or the statute.

It seems a little unusual the Cooper case has never been cited in any of the numerous subsequent cases. It has been cited once only on the question here under consideration, so far as we are able to discover, in Worthen v. New York Cent. & H. R. R. 77 N.H. 520, 93 A. 1036, and was there discarded as being unsound. The only interest the plaintiff here could possibly have in this claimed cause of action is to defeat it. His sole purpose and object is to defend against it, defeat it and name the place to defend it. The common sense plaintiff talks about in his brief seems to us to exclude, the idea that he could have any interest in the estate such as must have been contemplated by the statute. The holding contended· for here would open the way for any debtor who, for any reason, real or otherwise, desired to delay the day when he might be called upon to pay a debt due an estate to do so by filing a petition to set aside the ·orders and judgments of the probate court any time within the two years provided in the statute, Art. 932, supra, for the further time necessary to carry the case through the course of litigation. It would lead to confusion and delay never contemplated.

The reason assigned in the Cooper case is the only one that suggests itself to us— that the plaintiff here, the defendant in the New Mexico suit, is entitled to know any judgment he might be called on to pay is paid to one entitled to receive it and that he will not be called on to pay again. That situation need not obtain in any case. It certainly does not exist here, because it is undisputed and admitted the defendant is the sole heir and next of kin. If the Cooper case is or ever was authority for the holding sought here, then it must be in conflict with the later decisions of the Supreme Court and those approved by it and should yield to them.

The judgment of the trial court is affirmed.

WALTHALL, J., not participating.