**In the Matter of the Estate of N. M. MACKEY, Deceased.**

**Fern Mackey DINGWELL, Appellant,**

v.

**William D. KURTH, Executor of the Estate of N. M. Mackey, Deceased, and George A. Meier, Executor of the Estate of Frances J. Mackey, Deceased, Appellees.**

**No. 54964.**

Supreme Court of Iowa.

May 11, 1972.

and qualified executors of the estate of N. M. Mackey, deceased. The appellant asserts the trial court erred in appointing a successor executor when the will specifically provided that the surviving qualified executor should be permitted to serve alone. We affirm the trial court.

N. M. Mackey, a resident of Carroll County, died testate on September 17, 1970. He was survived by his widow, Frances J. Mackey, and by one daughter, Fern Evelyn Mackey Dingwell, the issue of a prior marriage.

We are not concerned with the dispository provisions of his will, but only that provision of the will in which the decedent nominated and appointed his widow, Frances J. Mackey, and his daughter, Mrs. Dingwell, as executors. In such provision, he exonerated both nominated executors from posting bond, authorized them to sell, mortgage, exchange and pledge real and personal property, and provided, "If one of said executors or trustees shall predecease me or otherwise be unable to qualify or act as such, I empower the survivor to act as such executor and trustee alone."

Upon the admission of the will to probate, both Frances Mackey and Fern Dingwell qualified and letters testamentary issued to them on September 21, 1970. Frances Mackey, the widow, died on December 19 of the same year, and on December 30, 1970, George A. Meier, as executor of her estate, filed in the N. M. Mackey estate a petition asking that William D. Kurth of Carroll, Iowa, be appointed executor succeeding the deceased Mrs. Mackey. In the petition for appointment of Mr. Kurth, the petitioner Meier represented that the surviving fiduciary, Fern Dingwell, was residing at Speedway, Indiana, and was no longer a resident of Iowa.

The decedent, N. M. Mackey, died seized of considerable property, both real and personal; the record indicates the gross value of the estate to be something in excess of $400,000, one-half of which shall

David E. Green and Leighton A. Wederath, Carroll, for appellant.

William D. Kurth, Carroll, executor of the estate of N. M. Mackey, deceased, for appellee.

William D. Kurth, Carroll, for George A. Meier, executor of the estate of Frances J. Mackey, deceased, for appellee.

REES, Justice.

This appeal is from an order of the district court appointing a successor executor on the death of one of the appointed

proceed to the estate of the widow, Frances J. Mackey, now deceased.

A resistance to the petition for the appointment of Mr. Kurth as successor executor was filed by Mrs. Dingwell, in which resistance she admitted the death of Mrs. Mackey, and admitted the fact that she—Mrs. Dingwell—is the surviving fiduciary, but denied she is a resident of Speedway, Indiana, and further stated that she is in truth a resident of Carroll County, Iowa, and intends to reside in Carroll County until the estate is closed. We do not deem the present residence or domicile of Mrs. Dingwell to be of significant importance here.

Hearing was had on the petition for the appointment of successor executor, and the resistance thereto, and the trial court granted the prayer of the petition and appointed the defendant Kurth as fiduciary to succeed the deceased Mrs. Frances Mackey, and fixed Kurth's bond in the sum of $25,000.

Section 633.66, Code, 1966, provides:

"Appointment of successor fiduciary. When any fiduciary fails to qualify, dies, is removed by the court, or resigns, and such resignation is accepted by the court, the court may, and if he were the sole or last surviving fiduciary, and the administration has not been completed, the court shall appoint another fiduciary in his place."

 Clearly, the appointment of Kurth as successor fiduciary to Frances Mackey, deceased, was well within the latitude of discretion permitted the trial court. The court was fully apprised of the nature of the duties which were likely to be required of the fiduciaries in the estate of N. M. Mackey, and it was proper for the trial court to consider the same. In re Rugh's Estate, 211 Iowa 722, 728, 234 N.W. 278, 280; In re Gray's Estate, 201 Iowa 876, 877, 208 N.W. 358, 359; In re Doolittle's Estate, 169 Iowa 639, 645, 149 N.W. 873,

874–875; Foley, Admr. v. Cudahy, 119 Iowa 246, 251, 93 N.W. 284.

The trial court had a wide discretion and was not bound to recognize the nomination of the executor by the decedent's will. In re Schneider's Estate, 224 Iowa 598, 602, 277 N.W. 567, 570; In re Van Vleck's Estate, 123 Iowa 89, 92, 98 N.W. 557, 558.

We conclude the trial court acted well within the latitude of its discretion, and affirm.

Affirmed.

All Justices concur, except HARRIS and McCORMICK, JJ., who take no part.